UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| STATE NATIONAL INSURANCE COMPANY, | No. C 13-00433 LB |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | [Re: ECF No. 18] |
| PRADEEP KANTILAL KHATRI, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff State National Insurance Company ("State National") filed this action against Pradeep Kantilal Khatri and VNS Hotels, Inc. ("VNS") (collectively, "Defendants") seeking reimbursement of defense fees and costs incurred and indemnity of payments made in relation to a state court action in which State National defended Defendants and ultimately settled with the state court plaintiffs. *See generally* Original Complaint, ECF No. 1.[1] The court granted Defendants motion to dismiss State National's original complaint. 5/7/2013 Order, ECF No. 14. In doing so, the court dismissed with prejudice State National's first claim for reimbursement of all of the expenses it incurred in relation to a state court action (the "Mackrani Action") in which State National defended Defendants and ultimately settled with the state court plaintiffs (the "Mackranis") because, State National

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

alleged, none of the claims were potentially covered under the relevant Commercial General Liability Policy (the "Policy"). *Id.* at 7-11.

State National now moves, pursuant to Civil Local Rule 7-9(a), for leave to file a motion for reconsideration with respect to its first claim. Motion, ECF No. 18. Defendants oppose State National's motion. Opposition, ECF No. 21. Upon review of the papers submitted, the court **DENIES** State National's motion.

## STATEMENT

State National instituted this action on January 30, 2013. *See generally* Complaint, ECF No. 1. In its original complaint, it brought claims for: (1) reimbursement of expenses incurred in defense of the Mackrani Action because there were no potentially covered claims under the Policy; (2) reimbursement of allocated expenses incurred in defense of the Mackrani Action because not all claims were potentially covered under the Policy; (3) reimbursement of expenses incurred in settlement of the Mackrani Action because State National indemnified Defendants for claims not covered under the Policy, and (4) reimbursement of allocated expenses incurred in settlement of the Mackrani Action because State National indemnified Defendants for claims potentially not covered under the Policy. *See id.* ¶¶ 31-52.

In their motion to dismiss the original complaint, with respect to State National's first claim, Defendants argued that at least one of the claims brought by the Mackranis was potentially covered under the Policy. Motion to Dismiss, ECF No. 9-1 at 11-12. Specifically, Defendants argued that the Mackranis' claims for defamation, assault, battery, false imprisonment, and negligent infliction of emotional distress, as they were alleged in the Mackranis' complaint, were potentially covered under the Policy. *Id.* In response, State National made three arguments: (1) the Mackranis' assault, battery, and negligent infliction of emotional distress claims were not potentially covered because the Mackranis did not allege that they suffered physical harm, and thus "bodily injury," as defined in the Policy; (2) even if they had alleged "bodily injury," their assault, battery, and negligent infliction of emotional distress claims were not potentially covered because they were not caused by an "accident"; and (3) the Mackranis' defamation and false imprisonment claims were not potentially covered because the Policy's Employment-Related Practices Exclusion applied to these claims.

Opposition, ECF No. 12 at 8-10. In reply, Defendants argued that (1) the Mackranis did, in fact, allege that Veena Mackrani suffered physical harm with respect to their assault, battery, and negligence infliction of emotional distress claims; (2) it was not clear from the Mackranis' allegations whether the physical harm they alleged was caused by "accident" or not and so the claims were potentially covered under the Policy; and (3) it was not certain at the outset of the Mackrani Action whether the Policy's Employment-Related Practices Exclusion applied the Mackranis' defamation and false imprisonment claims and thus they, too, were potentially covered under the Policy. Reply, ECF No. 13 at 6-10. The court agreed with Defendants on all three of their arguments, found that at least one of the Mackranis' claims were potentially covered under the Policy, and dismissed with prejudice State National's first claim. 5/7/2013 Order, ECF No. 14 at 7-11.

State National now moves, pursuant to Civil Local Rule 7-9(a), for leave to file a motion for reconsideration. Motion, ECF No. 18. Defendants oppose State National's motion. Opposition, ECF No. 21.

**ANALYSIS**

**I. LEGAL STANDARD**

Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a).[2] In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

---

[2] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b). Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ. L.R. 7-9(d).

## II. APPLICATION

In its motion, State National asks the court to reconsider its decision with respect to State National's first claim. Motion, ECF No. 18. Citing Civil Local Rule 7-1(b)(1), State National states that "[a]t this time, 'a material difference in . . . law exists from that which was presented to the Court before entry of the interlocutory order [dismissing plaintiff's first claim with prejudice] for which reconsideration is sought.'" *Id.* at 5. Specifically, State National argues that reconsideration is appropriate because: (1) "This Court improperly relied on legal arguments Defendants first made in their reply brief"; (2) "This Court's reliance on arguments first raised in Defendants' reply brief caused this Court to misapply California law, which places the burden on Defendants—not plaintiff—to affirmatively prove that the Mackrani complaint alleges that Defendants' injury-producing acts were accidental"; and (3) "This Court's reliance on Defendants' arguments first raised in their reply brief caused this Court to misapply California law, which interprets the policy's Employment-Related Practices Exclusion to apply to the Mackranis' postemployment damages." *Id.*

The court denies State National's motion. In essence, State National contends that decision-altering case law exists which the court did not consider because Defendants made arguments in

their reply brief to which State National could not respond. But as Defendants pointed out, State National seeks reconsideration under Civil Local Rule 7-9(b)(1) only[3], and State National makes no attempt to show, as it must, that "in the exercise of reasonable diligence" it "did not know such law at the time of the interlocutory order." *See* N.D. Cal. Civ. L. R. 7-9(b)(1). State National could have discussed the case law—which relates to Defendants' ultimate burden of proof, the interpretation of the term "accident," and employment-related practices exclusion provisions apply to post-employment conduct—in its opposition brief. The court also rejects State National's argument that Defendants improperly addressed these issues in their reply brief. Defendants did not, as State National suggests in its motion, "sandbag" State National by introducing new legal arguments to which State National had no chance to address. After all, as described above, it was State National who first argued that the Mackranis did not allege that they suffered physical harm with respect to their assault, battery, and negligent infliction of emotional distress claims; that the Mackranis' assault, battery, and negligent infliction of emotional distress claims were not caused by an "accident"; and that the Policy's Employment-Related Practices Exclusion applied.[4] Defendants properly responded in their reply to State National's arguments.[5]

The court also observes that State National's arguments in the motion for reconsideration do not change the outcome. The Mackrani Action was a wages case with torts. The issue was whether one of the claims was a potentially-covered one. The court's holding was and remains that there was at

---

[3] State National does not seek reconsideration under Civil Local Rule 7-9(b)(2) or (b)(3). *See generally* Motion, ECF No. 18 at 5. Even if it does, it has not shown that new material facts emerged or a change of law occurred after the court issued its 5/7/2013 Order, or that the court failed to consider material facts or dispositive legal arguments which were presented to it.

[4] The court also notes that State National may not even argue that the court got it wrong when it found that the Mackranis's negligent infliction of emotional distress claim was potentially covered under the Policy. Nowhere in its motion does State National mention this claim. *See generally* Motion, ECF No. 18. And if State National does not challenge the court's finding on the Mackranis' negligent infliction of emotional distress claim, then at least one of the Mackranis' claims was potentially covered and State National is not entitled to full reimbursement of its defense costs. *See Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654-55 (2005) (explaining standard).

[5] The court's view too is that its analysis is fairly grounded in the underlying complaint in the Mackrani Action, the Policy, and California law.

least one potentially-covered claim.

The court understands that State National's argument stems from its view that the Mackranis alleged intentional torts. Leaving aside State National's failure to address the negligent infliction of emotional distress claim, an accident may exist even with an intentional tort when any aspect in the causal series of events leading to the injury was unintended by the insured and a matter of fortuity. *See State Farm Gen. Ins. Co. v. Frake*, 197 Cal. App. 4th 568, 579-81 (Cal. App. 2d Dist. 2011). Defendants cited cases that illustrated this concept of how independent, intervening acts can render an injury an accident. State National tries to characterize the court's analysis as "the unintended consequence of an intentional tort can be an accident," but that was not the analysis. This is standard tort analysis. Moreover, as the court described in its 5/7/2013 Order, while the Mackranis characterized the conduct as an intentional court, the fact allegations themselves—for example, menacing behavior or throwing a brochure holder—are not conclusive about whether the harm was accidental or whether the conduct of the insured was an accident. As Defendants said in the motion to dismiss, potential negligence claims are subsumed in intentional torts such as assault and battery. Motion, ECF No. 9-1 at 12 & n.3. In the end, the inquiry is whether there was a potentially-covered claim. There was.

## CONCLUSION

Based on the foregoing, State National's motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 8, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 13-00433 LB
ORDER                      6